Terrance MARIONEAUX, Robert Dotson and Martin Sargant, Jr., on behalf of themselves and all others similarly situated.

v.

The COLORADO STATE PENITENTIA-RY, William Wilson, Superintendent of the Maximum Security Facility of The Colorado State Penitentiary, Allen Ault, Executive Director of the Department of Corrections, and Albert Urie, Chairman of the Reclassification Committee.

Civ. A. No. 78–K–1065.

United States District Court,
D. Colorado.

March 9, 1984.

See also, D.C., 465 F.Supp. 1245.

David H. Miller, American Civil Liberties Union, Denver, Colo., for plaintiffs.

David R. DeMuro, First Asst. Atty. Gen., Richard K. Rediger, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER DENYING INJUNCTIVE RELIEF

KANE, District Judge.

This case presents a curious state of affairs. The defendants, the bulk of whom are state officers or agents, have asked a federal court to enjoin one of the named plaintiffs, Richard Thiery, from proceeding with an action in the state district court in Canon City, Colorado. For the reasons discussed below, I deny the motion for injunctive relief.

The pertinent facts are as follows. Case No. 78–K–1065 is a class action lawsuit brought against the Colorado State Penitentiary and others. The class of plaintiff inmates sought damages and injunctive relief for allegedly illegal administrative practices in the state prison system. Specifically, plaintiffs claimed that the manner and conditions of segregation and classification of inmates were improper, illegal and unconstitutional. The case was settled in June, 1981 short of trial when the parties agreed to a comprehensive stipulation and agreement relating to the classification, discipline and administrative segregation of the state prison inmates. As a result of the stipulation, the Colorado Code of Penal Discipline was completely redrafted. Pertinent provisions of the stipulation left enforcement to the jurisdiction of this court.

Richard Thiery is a named plaintiff in 78–K–1065. As such, he was entitled to make use of the grievance procedure set up by the stipulation and settlement agreement. Before August, 1983, Thiery was classified to and housed at the Colorado Correctional Center, Camp George West, Jefferson County, Colorado, a minimum security facility. In September, 1983, he was

regressed to a more secure facility and lost certain privileges and good time, allegedly for assaulting a fellow inmate. Thiery filed an appropriate administrative appeal in September which was successful. The Appeals Board granted him an expungement order, the effect of which is to require the Department of Corrections to restore to the inmate "to the greatest extent practicable all programs, privileges and jobs ... lost...."[1] When no action was forthcoming by the defendants, Thiery filed suit in state court in Canon City district court to enforce the expungement order. Named as defendants were: Chase Riveland, Executive Director, Colorado Department of Corrections; Tom Cooper, Superintendent, Shadow Mountain Correctional Facility; and Edward Buckingham, Director of Offender Services, Department of Corrections.

In October, 1983, Ed Buckingham "cancelled" the expungement order, and granted Thiery a new administrative hearing, at which Thiery was once again found guilty of assault and threats. Thiery thereupon amended his complaint, claiming that the "cancellation" and later hearing were in violation of the expungement order because there "can be no second hearing because their [sic] is no case or record of a report or case." Plaintiff's amended complaint at 2.

The district court issued a show cause order to the named defendants on January 3, 1984. They filed a motion to dismiss in response, arguing, inter alia, that Thiery should pursue his remedy in this court, not the state court. Judge Anderson denied the motion to dismiss, conducted a hearing on February 10, 1984, and ultimately held that Ed Buckingham

had exceeded his jurisdiction and abused his authority when he entered certain findings and order on October 3, 1983, the effect of which was to vacate a certain expungement and direct a further disciplinary hearing for the petitioner.

Judge Anderson ordered the state court defendants to comply with paragraph 7j of the Code of Penal Discipline, by restoring to Thiery his good time and privileges and by moving him to a less restrictive environment. This motion for injunctive relief followed.

Although defendants seek to restrain the state proceedings, they do not presume to act under the authority of 28 U.S.C. § 2283. The Anti-Injunction Act permits a federal court to enjoin state proceedings only where

> expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Instead, defendants rely upon a federal district court case from the District of Minnesota, *Cargill, Inc. v. Hartford Acc. & Indem. Co.*, 531 F.Supp. 710 (D.Minn.1982). *Cargill* is totally inapposite here, since it dealt only with a federal court's ability to enjoin parties from bringing proceedings in a foreign jurisdiction, not state courts. 531 F.Supp. at 715.

Defendants claim that a complete remedy is available in this court through the enforcement procedure mandated by the settlement and stipulation. The remedy may be complete, but it surely was not speedy. Thiery first contacted the ACLU, counsel for the plaintiffs class, in October, 1983. ACLU, in its own words, "assured itself ... [that] the Attorney General was

---

**1.** The regulation Thiery relied upon is as follows:

(1) When an inmate is found not to have committed the alleged offense or a conviction is reversed on appeal, all reports relating to the alleged violation will be removed from all files on the inmate.
(2) When an inmate is found not guilty or a conviction is reversed on appeal, the inmate shall have restored to the greatest extent practicable all programs, privileges and jobs, in-

cluding back pay, lost during any period where such were suspended or removed as a result of the charges against him. In the event that—particular program privilege or job is no longer available, the inmate case manager shall obtain for the inmate the first available equivalent which opens for which the inmate is qualified and which is acceptable to him.
Department of Corrections Regulation 203–1, ¶ 7j, Code of Penal Discipline (2d ed. 1981).

preparing a response to the complaint." Counsel for the defendants and ACLU remained in contact with each other throughout the remainder of 1983 and the beginning of 1984. At some point in November, an ACLU staff member wrote to Thiery requesting relevant documentation, by which time Thiery had already filed his complaint in state court. Even after the state court had entered judgment, ACLU and the defendants were still trying to negotiate a settlement of the complaint.

Defendants also express concern that if many state court judges become involved in construing and enforcing the stipulation, it will result in inconsistent decisions. Defendants may be correct in this contention, but I do not think it applicable to the present action. As I understand Judge Anderson's ruling, he was not so much construing the settlement agreement as he was interpreting a provision of the Colorado Code of Penal Discipline, an area in which I would hazard a guess Judge Anderson has more expertise than this court.

My ruling should not be understood as countenancing a flurry of state court filings by disgruntled inmates. I will not hesitate to issue an injunction under 28 U.S.C. § 2283 to protect and effectuate this courts judgment, should it become necessary. Here, however, the ACLU's sluggishness and the state's failure to bring the state court suit to my attention until after final judgment had entered militate against injunctive relief. Defendants were aware of the state court proceeding at least as early as January 3, 1984, yet took no steps either to remove the action or to seek injunctive relief in this court until after Judge Anderson had entered final judgment. In such circumstances, injunctive relief should be denied.